

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

McCreless v.
City of San Antoni
454 SW 2d 393
Texas Sup. Ct. 197

April 9, 1968

The Honorable James E. Barlow
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas 78204

Dear Mr. Barlow:

Opinion No. M- 217

Re: Tax status of residence
of Executive Director
of San Antonio Council
of Churches.

We have been furnished the following facts in con-
nection with your request for an official opinion from
this office concerning the above referenced matter.  We
quote from your letter and the letters of your assistants:

"This is to request your official
opinion on whether or not the residence
of the Executive Director of the San
Antonio Council of Churches is entitled
to tax exemption, the title of which is in
the name of the San Antonio Council of
Churches.

"The San Antonio Council of Churches
is a Protestant organization for the co-
operative action of certain Protestant
Churches.  It has as members units of the
Baptist Church, the Christian (Disciples
of Christ), Evangelical United Brethren,
Episcopal, Lutheran, Methodist, Methodist
A.M.E., Presbyterian, United Church of
Christ, and military chaplains at the local
military bases.  It has trustees, a board
of directors, and is run by an Executive
Director, C. Don Baugh, an ordained minister
of the Disciples of Christ."

"Rev. Baugh resides at 2334 Blanton
which is in a residential area.  The Council
of Churches had this residence constructed
as a parsonage and had it particularly de-
signed for their special uses.  They have

- 1038 -

regular meetings in the parsonage including the Youth Council, the faculty of the leadership school, committees of the YMCA, and other groups connected with the Council of Churches.

"Rev. Baugh actively performs the duties of a minister, i.e. delivering sermons on an interdenominational basis at various churches and baptisms, marriage ceremonies and communion. Rev. Baugh and his family are presently members of a local Episcopal church and he is a registered postulant (in the process of being ordained in the Episcopal Church.) The Disciples of Christ recognize dual ordination."

We were also informed that representatives of member churches in 1943 organized the San Antonio Council of Churches, the purposes of which were as follows:

"1. To proclaim, and, through practical demonstration, to bear witness to the essential unity of the Christian Church by the fellowship, cooperation and the combined efforts and services, regardless of denominational alignments, of Christian people in the San Antonio area.

"2. To provide an interdenominational agency enlarging and extending the work of the Christian Church, impossible of accomplishment by an individual church, in the fields of Evangelism, Christian Education, Social Relations, United Worship and Christian Fellowship, and community religious welfare.

"The Council shall be autonomous and not at any time affiliated with or a member of any other church council.

"The Council shall not concern itself with the dogma, practices or the governmental structure of its member churches.

"The Council shall be a non-profit organization. No member officer, committeeman or other person connected with the Council, other than members of its employed staff, shall receive any compensation whatever for his or her

services. The funds received from all sources shall be used exclusively in carrying out the purposes and work of the Council."

We were also informed that Reverend C. Don Baugh, the Executive Director, serves as minister-at-large for member churches of which there are presently 105; when the minister of a member church is out of the city or is ill, he preaches for them, performs marriages, and buries their dead. The subject property is an ordinary three-bedroom, dining room, den, kitchen and patio, and the living room, den and patio "are at times used for official Council entertainment functions. The Council specifically designed the house with official entertainment in mind, such as, the housing of guest speakers"; other than an occasional wedding no religious services are held in the residence; the Council is financed 97% by member churches and 3% by individual contributions; the Council is incorporated (December 18, 1958) and has three full time employees and three part time employees, five of the six being ordained ministers; title to the residence is in the name of "The Council of Churches of Metropolitan San Antonio."

Article VIII, Section 1 of the Constitution of the State of Texas, provides for equal and uniform taxes as follows:

"Taxation shall be equal and uniform. All property in this state, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law. . . ."

Article 7145, Vernon's Civil Statutes, provides:

"All property, real, personal or mixed, except such as may be hereinafter expressly exempted, is subject to taxation, and the same shall be rendered and listed as herein prescribed."

Article VIII, Section 2 of the Texas Constitution, provides that the legislature may by general laws, exempt from taxation:

". . . any property owned by a church or by a strictly religious society for the

exclusive use as a dwelling place for the ministry of such church or religious society, and which yields no revenue whatever to such church or religious society; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land; . . ."

In 1961, pursuant to the above, the legislature enacted Article 7150b, Vernon's Civil Statutes, which provides as follows:

"There is hereby exempted from taxation any property owned exclusively and in fee by a church for the exclusive use as a dwelling place for the ministry of such church, and which property yields no revenue whatever to such church; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land; and provided further that the fact that the ministry uses a portion of the dwelling as their study, library or office shall not prevent the property from being considered as being used exclusively as a dwelling place. For purposes of this Act, 'church' includes a strictly religious society; and 'ministry of such church' means these persons whose principal occupation is that of serving in the clergy, ministry, priesthood or presbytery of an organized church or religion, whether they are assigned to a local church parish, synagogue, cathedral or temple or some larger unit of the church organization and whether they perform administrative functions or not."

The rule of statutory construction has been stated as follows:

"All statutes for the exemption of property from taxation are to be strictly construed against the exemption, and in favor of the state and taxation. An exemption cannot be raised by implication, but the intention to relieve from the burden of taxation must appear affirmatively. If there

be an ambiguity as to what is exempt, it
must operate against the owners of the
property and in favor of the public, and
all reasonable doubts as to the proper in-
terpretation of a statute providing for
exemptions from taxation must be resolved
in favor of the right to tax." Radio Bible
Hour, Inc. v. Hurst-Euless Independent Dis-
trict, 341 S.W.2d 467 (Tex.Civ.App. 1960,
error ref., n.r.e.).

Under Article 7150b, if the primary use of a building
is that of a residence for the minister of a church and his
family, the mere fact that it is incidentally used for other
things, such as a study, office or library, will not prevent
it from being tax exempt. Hilltop Village, Inc. v. Kerrville
Independent School District, 11 Tex.Sup.Ct.Journal 314 (1968);
cf. also 15 A.L.R.2d 1068, 1069 (annotation 1951). Under the
stated facts the subject property is used primarily as a resi-
dence for Rev. Baugh.

The next question presented is whether the Council of
Churches is a "church" or a "strictly religious society" as
those terms are used in the statute. The statute defines
"church" as including a "strictly religious society." The
facts given us are to the effect that this Council is incor-
porated under the laws of Texas, and its constitution shows
that its purpose is the spreading of the Christian faith.
Therefore, we believe it comes within the statutory defini-
tion of a "strictly religious society" and falls within the
term, "church". The same statute states ". . . 'ministry of
such church' means these persons whose principal occupation
is that of serving in the clergy, ministry, priesthood or
presbytery of an organized church or religion, . . . whether
they perform administrative functions or not." We believe
Rev. Baugh, being an ordained minister who not only assists
the clergy of member churches but also acts as the administra-
tive head of the Council (an organized church within the mean-
ing of the statute), and serves as a minister-at-large, is a
"minister" as that term is defined in Article 7150b. Vol. 27,
Words and Phrases, p. 413, defines "ministry" as the perform-
ance of ecclesiastical functions or duties, and is not restrict-
ed in the sense of "clergy." Rector, etc. of St. George's
Church in City of New York v. Morgan, 152 N.Y.S. 497; accord,
Black's Law Dictionary, Fourth Edition.

We therefore conclude that the residence of Rev. Baugh is exempt from the payment of ad valorem taxes in view of the facts furnished.

## SUMMARY

It is the opinion of this office, based on the facts furnished us, and limiting our opinion thereto, that the residence of the Executive Director of the San Antonio Council of Churches is exempt from ad valorem taxation under Article 7150b, Title 122, Ch. 6, V.C.S.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Fisher A. Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
W. V. Geppert
John Fainter
R. D. Green
Arthur Sandlin

A. J. CARUBBI, JR.
Executive Assistant Attorney General